IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

                                                                              22-CR-6058 (CJS/MWP)

    -v-

MARK ANTHONY PHILLIPS,

               Defendant.

## GOVERNMENT'S SUPPLEMENTAL MEMORANDUM
## IN OPPOSITION TO DISMISSAL

The United States of America, through its attorneys, TRINI E. ROSS, United States Attorney for the Western District of New York, Kyle P. Rossi, Assistant United States Attorney, of counsel, hereby files its Supplemental Memorandum in Opposition to Dismissal.

### Procedural Posture

1. On October 5, 2022, the Court heard oral argument concerning the defendant's Motion to Dismiss the Indictment for failure to state an offense. (Dckt. 50).

2. In sum and substance, the defendant argues that the Indictment fails to state an offense under 18 U.S.C. §1956(a)(3), because Bitcoin itself does not constitute a "monetary instrument" or "funds," and therefore the defendant's transactions involving the exchange of U.S. Currency for Bitcoin do not constitute "financial transactions" under 18 U.S.C. §§ 1956 and 1956(c)(4)(A). (Dckts. 37, 46).

3. The government contends that the exchanges constitute "financial transactions" pursuant to § 1956(c)(4)(A)(ii), because they "involve[d] one or more monetary instruments" in the form of the U.S. Currency that Phillips exchanged for Bitcoin. *Id.*; Dckt. 42. The government also contends that the exchanges constitute "financial transactions"

pursuant to § 1956(c)(4)(A)(i), because the exchange of Bitcoin itself constitutes "the movement of funds by wire or other means." *Id.;* Dckt. 42.

4. In support of its position, the government cited both the statutory definitions in §1956 and numerous district court decisions finding that Bitcoin constitutes "funds" under the money laundering statute. (Dckt. 42). During oral argument, the Court advised the parties of the Sixth Circuit's recent decision in *United States v. Iossifov*, 45 F.4th 899 (6th Cir. 2022), which was not addressed by either party and permitted the parties to file supplemental papers.

5. For the reasons that follow, *Iosifov* directly supports the government's position in this case.

**Argument**

6. Iossifov was convicted at trial of RICO violations and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). *Iossifov,* 45 F.4th at 908. During the trial, the government established that Iossifov engaged in transactions involving criminal proceeds in which he exchanged Bitcoin for fiat currency. *Id.*

7. Iossifov's criminal conduct is strikingly similar to Phillips'. Like Phillips, Iossifov ran a business in which he "exchange[d] large sums of digital currency into cash payments," without following anti-money laundering protocols, such as requiring identification or real names from his customers. *Id.* Iossifov ultimately engaged in such transactions involving criminal proceeds, which led to his conviction. The defense acknowledges that Iossifov's conduct "is clearly on par with what is alleged to have happened here, had this not been a sting operation," (Dckt. 54, page 2)

2

8. The Sixth Circuit rejected the arguments that Phillips makes here, that "the money laundering statute does not criminalize his conduct because Bitcoin is not currency and does not qualify as funds or a monetary instrument." *Iossifov,* 45 F.4th at 913 (internal quotations omitted). In rejecting this argument, the Sixth Circuit explained:

> First, the AOAF Network did not merely operate within the world of digital currencies; rather, it used digital exchanges as a means through which to launder fiat currency. Indeed, the network induced victims to buy gift cards, debit cards, and money with American dollars; converted those dollar amounts to Bitcoin; used exchanges to transfer the Bitcoin abroad; and later turned the Bitcoin back to cash. *On either end of the scheme, the network laundered fiat currency.* (emphasis added).
>
> Second, while the terms "monetary instrument" and "funds" are not defined within the money laundering statute, courts that have addressed this question have unanimously determined that Bitcoin falls under those terms.
>
> Third and finally, "[t]he ordinary meaning of 'funds[ ]' ... is 'available pecuniary resources,' " which essentially means, " 'something generally accepted as a medium of exchange, a measure of value, or a means of payment.' "
>
> In today's society, Bitcoin is often used pay for things, and it may sometimes be used as a medium of exchange that is subsequently converted to currency to pay for things. For all of these reasons, Iossifov's contention that Bitcoin does not fall under the money laundering statute is unavailing.

*Id.* at 913-914 (internal citations omitted).

9. The *Iosifov* decision validates the government's primary position that Phillips' cash for Bitcoin exchanges constituted financial transactions under § 1956(c)(4)(A)(ii), simply because they involved monetary instruments. Like Iossifov, Phillips "turned the Bitcoin back to cash," by providing U.S. Currency to the undercover agent in exchange for Bitcoin that Phillips believed constituted the proceeds of crime. *Iossifov,* 45 F.4th at 913. The involvement

of U.S. Currency is sufficient to establish that a financial transaction has occurred pursuant to § 1956(c)(4)(A)(ii). *Id.*

10. *Iossifov* also validates the government's position that Bitcoin constitutes "funds" under § 1956(c)(4)(A)(i), joining the litany of district courts that have considered the issue. Therefore, even if Phillips' transactions had not involved the exchange of U.S. Currency, they would still constitute financial transactions pursuant to the reasoning in *Iosifov*, because Bitcoins are undoubtedly "funds" under the money laundering statute.

## Conclusion

11. For the reasons set forth above and in the government's original Response in Opposition (Dckt. 42), and as explained by the Sixth Circuit in *Iossifov*, the government respectfully submits that the defendant's Motion to Dismiss for failure to state an offense must be denied.

DATED: Rochester, New York
October 25, 2022

                                                 TRINI E. ROSS
                                                 United States Attorney

                                      By:    s/KYLE P. ROSSI
                                                 Assistant United States Attorney
                                                 United States Attorney's Office
                                                 Western District of New York
                                                 100 State Street, Suite 500
                                                 Rochester, New York 14614
                                                 585/263-6760

To:    Camille Abate, Esq.
        Attorney for Defendant
        *(via ECF)*